Filed 10/14/25 P. v. Amie CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B338863 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA336601-01) |
| v. | |
| ERIN RAMON AMIE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge. Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Erin Ramon Amie's petition for resentencing under Penal Code[1] section 1172.6. We affirm.

## BACKGROUND

On January 31, 2011, following a jury trial waiver, the trial court found Erin Ramon Amie guilty of two counts of second degree murder. At a second hearing, the trial court found true prior strike and serious felony allegations within the meaning of the Three Strikes Law and section 667, subdivision (a)(1). The trial court sentenced Amie to an aggregate term of 100 years to life in state prison. The judgment was affirmed on appeal. (*People v. Amie* (Jan. 7, 2013, B230639) [nonpub. opn.].)

On October 31, 2023, Amie filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel on Amie's behalf. On June 18, 2024, the trial court found Amie failed to make a prima facie case for relief under section 1172.6 because he was the actual killer. This appeal followed.

We appointed counsel to assist Amie on appeal. On September 2, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo.* Counsel also stated Amie was advised he could file his own supplemental brief within 30 days. Counsel sent Amie transcripts of the record on appeal as well as a copy of the brief.

On September 2, 2025, this court sent Amie notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief

---

[1]     Undesignated statutory references are to the Penal Code.

or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On September 15, 2025, Amie filed a supplemental brief. In his brief, Amie raises several issues about the conduct of his trial, including that the prosecution knowingly introduced false and perjured testimony, a false and incorrect autopsy report, and other falsified documents. He challenges the sufficiency of the evidence to support his murder conviction.

Effective 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder. (*People v. Reyes* (2023) 14 Cal.5th 981, 984.) It also narrowed the scope of the felony-murder rule. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (d). Section 189 requires the prosecution to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who had the intent to kill (*id.*, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (e)(3) who acted in reckless indifference to human life. (See *Curiel*, at p. 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868–869.)

The Legislature also provided a procedure, now codified in section 1172.6, whereby defendants may petition the court to vacate their convictions and seek resentencing on any remaining counts if they show they could not now be convicted of murder

3

because of the changes to sections 188 and 189.  (§ 1172.6, subd. (a).)  Petitions for resentencing carry out the intent of Senate Bill No. 1437, which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra,* 11 Cal.5th at p. 967.)  If a section 1172.6 petition includes the requisite information, the trial court must appoint counsel, upon request, to represent the petitioner.  (*Lewis,* at pp. 962–963.)  If the court finds petitioner has made a prima facie case of eligibility for relief, it must issue an order to show cause and conduct an evidentiary hearing to determine whether to vacate the conviction and resentence petitioner on any remaining counts.  (§ 1172.6, subds. (c), (d)(1).)

An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed at trial; it is not another opportunity to challenge the original judgment on grounds not related to the changes made to sections 188 and 189. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [mere filing of a section 1172.6 petition does not afford petitioner new opportunity to raise new claims of error occurring at the original trial]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.)

We properly reject Amie's contentions alleging error at his original trial. He has failed to establish that he could not presently be convicted of murder " ' "*because of changes to Section 188 or 189.*" ' " (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 933.)

We decline to exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying the resentencing petition is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:


WILEY, J.


UZCATEGUI, J[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5